Date signed May 28, 2013



```
_____
         PAUL MANNES
     U. S. BANKRUPTCY JUDGE
```

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LIFELINE, INC. | : | Case No. 12-24222PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Debtor filed a bankruptcy case under Chapter 11 on August 8, 2012. The case comes before the court on two motions, one filed by the United States on behalf of the Internal Revenue Service ("IRS") to dismiss or convert the case to a case under Chapter 7, and the second by the office of the United States Trustee to dismiss the case.

There is no difference of opinion as to the lack of progress of this case. Debtor has not filed a Plan of Reorganization. Its monthly operating reports disclose that in the period that it has been under the protection of the Bankruptcy Court, it has had a substantial loss. Since the first of this year it has turned a modest profit, with its most recently filed report disclosing a cash profit for April of $4,024.75. How this modest return will enable Debtor to propose a confirmable plan, considering the fact that the IRS filed a priority claim in the sum of $795,543.95, was the subject of Debtor's attorney's speculation that Lifeline will succeed if it can renegotiate its contract with the State of Maryland, obtain new patients, and enlarge its facility. All of these hopes would have to come to fruition. At this point, the prospect of a finding of feasibility of any plan seems doubtful at best.

Aside from this issue, Debtor has yet to file a Federal Unemployment Tax Return, IRS Form 940, or Employer's Quarterly Federal Tax Return for the last quarter of 2012 and the first quarter of 2013.  The last payment of federal tax was made in October 2012.  This puts the Debtor squarely in the sights of 11 U.S.C. § 1112(b) that provides:

**11 U.S.C. § 1112.  Conversion or dismissal**

b) (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
(2)  The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
   (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121 (e) and 1129 (e) of this title, or if such sections do not apply, within a reasonable period of time; and
   (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
      (i) for which there exists a reasonable justification for the act or omission; and
      (ii) that will be cured within a reasonable period of time fixed by the court.
         *     *     *     *     *
(4)  For purposes of this subsection, the term "cause" includes—
         *     *     *     *     *
   (I)  failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

Debtor had not paid the taxes due after the Order for Relief and has failed to file the required tax returns.  Nothing presented to the court identifies any basis for a finding of a reasonable likelihood that a plan will be confirmed within a reasonable time.  Too many matters must fall into place for Debtor to be in a position to propose a plan susceptible of confirmation.  There is no justification for Debtor's failure to file the required tax returns or to pay the required taxes.

Well before the 2005 amendments to the Bankruptcy Code ("BAPCPA"), specifically

defining various items constituting cause for dismissal or conversion of cases under Chapter 11, courts found the failure to pay post-petition taxes cause for conversion or dismissal. *In re Moore Construction, Inc.*, 206 B.R. 436, 438 (BC N.D. Tex. 1997); *In re Berryhill*, 189 B.R. 463, 465-466 (N.D. Ind. 1995). The amendment to 11 U.S.C. § 1112 made by BAPCPA further defining cause for dismissal or conversion gives a statutory basis for these motions. Dismissal rather than conversion is in the best interests of creditors and the estate. There is little likelihood of any significant dividend to creditors upon conversion. On the other hand, Debtor may find a way to work out the issues described above. An appropriate order will be entered.[1]

cc:
All Parties in Interest

**End of Memorandum**

---

[1] Seldom has the court encountered a more troubling situation than that presented in the case of this Debtor. It renders service to persons under 21 who cannot live independently. The care of these unfortunate individuals is a paramount consideration. It is certainly in their best interest to keep the Debtor in Chapter 11, but, their representatives being neither creditors nor the estate, do not have standing to resist the motions. Nothing prevents this Debtor from returning to this court after it has worked out an appropriate solution with the IRS and the State of Maryland, both entities having a large stake in Debtor working out its financial woes and continuing with its important service.

Case 12-24222    Doc 121    Filed 05/29/13    Page 4 of 4